IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201 | )<br>)<br>)<br>)<br>) | Civil Action No. |
| Plaintiff, | )<br>) | COMPLAINT |
| v. | )<br>) | JURY TRIAL DEMAND |
| REHAB MANAGEMENT OF MD, INC.,<br>7309 Second Avenue<br>Sykesville, MD 21784 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Heidi D. Anderson. As alleged with greater specificity below in paragraph seven (7), the Commission charges that Defendant Rehab Management, Inc. has engaged in sex discrimination by refusing to hire Ms. Anderson as a Rehab Department Head because she was pregnant.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Rehab Management, Inc. ("Defendant") has continuously been a company doing business in the State of Maryland and the city of Sykesville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Heidi D. Anderson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around June, 2006, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The practices included failing to hire Ms. Anderson as the Rehab Department Head of the Continuum Care nursing facility in Sykesville, Maryland facility because she was pregnant. Defendant provides physical, occupational and speech therapy contract services to Continuum Care.

8. The effect of the practices complained of above has been to deprive Heidi D. Anderson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Heidi D. Anderson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole Heidi D. Anderson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.  Order Defendant to make whole Heidi D. Anderson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Heidi D. Anderson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Heidi D. Anderson punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
JACQUELINE MCNAIR
Regional Attorney

4

_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____
REGINA M. ANDREW, Bar No. 07756
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2724
Fax: (410) 962-4270